Law Offices
**RICCI ♦ FAVA L.L.C.**

| | | |
|---|---|---|
| Ronald J. Ricci, Esq. | 300 Lackawanna Avenue | <u>Essex County Office:</u> |
| Joseph Fava, Esq.* | Woodland Park, New Jersey 07424 | 45 Bleeker Street |
| Brooke E. Bagley, Esq. | (973) 837-1900 | Newark, New Jersey 07102 |
| | Facsimile (973) 837-1915 | (973) 848-1700 |
| Of Counsel: | Email: mail@riccifavalaw.com | Facsimile (973) 848-1707 |
| <u>Nicole L. Fava, Esq.</u> | | Email: mail @riccifavalaw.com |
| *Admitted to NJ&NY* | | |

*Please reply to the West Paterson Office*

July 26, 2010

Honorable Garret E. Brown, Jr., Chief Judge
United States District Court of New Jersey
Clarkson S. Fisher Federal Building
& U.S. Courthouse, Room 4050
Trenton, New Jersey 08608

  Re: <u>Sharon Davis v. City of Newark, et al.</u>
     Civil Action No.: 04-5317 (GEB)

Dear Chief Judge Brown:

  This office represents the individual defendants in the above-referenced matter. Please accept this letter in lieu of a more formal response to plaintiff's opposition to the motion for summary judgment filed on behalf of the individual defendants.

  Defendants rely on the arguments set forth in their brief in support of summary judgment previously filed, as well as the brief filed in opposition to plaintiff's motion for partial summary judgment. Of note, however, is that plaintiff concedes in her opposition that judgment should be entered relative to the Title VII count.

  Additionally, the New Jersey Law Against Discrimination count of the Complaint cannot succeed because plaintiff has failed to demonstrate any aiding and abetting liability. Thus, defendants are entitled to judgment as a matter of law and respectfully request this Court so enter judgment.

  In addition to plaintiff's response to the merits of defendants' summary judgment motion, plaintiff made frivolous claims of misconduct and requests for sanctions. These allegations have no bearing on the motion before the Court. However, this office responds as follows.

  First, plaintiff maintains in her opposition papers that Judge Falk granted permission to plaintiff to include arguments regarding prejudice and sanctions in an

RICCI ♦ FAVA

opposition for summary judgment.  This office has no recollection of any such request made by plaintiff's counsel before Judge Falk, either orally or in writing.

  Additionally, the allegations contained in plaintiff's opposition are essentially discovery disputes.  It is defendants' position that plaintiff waived any such arguments relative to discovery as no such motions were made by plaintiff's counsel prior to the close of discovery.  Further, when asked by Judge Falk during the telephone conference held immediately after the close of discovery, plaintiff's counsel indicated that there were no outstanding discovery issues on plaintiff's behalf.

  With regard to the specific allegations made by plaintiff, counsel misstates this office's representation of any parties in this matter.  As is clearly evident on the docket, this office entered an appearance in this case in October 2008.

  Thereafter, <u>F.R.C.P.</u> 26 disclosures on behalf of the individual defendants were forwarded to the plaintiff on or about December 24, 2008.  Plaintiff has <u>never</u> served any interrogatories or document requests on the individual defendants.

  Plaintiff makes several arguments regarding documents produced by Defendant Vasquez.  At his deposition, defendant Vasquez indicated that he may have copies of submissions made by the other officers regarding plaintiff.  At that time, plaintiff's counsel requested that he look for those documents and produce them.  Several documents were thereafter produced by defendant Vasquez to this office and promptly turned over to all counsel that same day, despite the fact that discovery had closed.

  Based on the foregoing, defendants nor counsel are in default of any discovery obligations or rules of court.

  For the reasons set forth in defendants' brief in support of summary judgment as well as its opposition to plaintiff's motion for summary judgment, it is respectfully requested that summary judgment be granted in the entirety in defendants' favor.

          Respectfully submitted,

          /s/ Ronald J. Ricci
          _____
          Ronald J. Ricci, Esq.

Cc: Avion Benjamin, Esq.
   Sylvia Onyejekwe, Esq.